UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-367-GWU

JANICE POLSON,                                                                 PLAINTIFF,

VS.                       **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT.

## INTRODUCTION

Janice Polson brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-367  Janice Polson

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

07-367  Janice Polson

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

07-367  Janice Polson

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) that Polson, a 39-year-old woman with a "limited" education and no past relevant work history, suffered from impairments related to a history of ischemic heart failure, pulmonary insufficiency, and mild degenerative disc disease of the cervical spine. (Tr. 18, 24). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 24-25). In reaching this decision, the ALJ relied heavily upon the testimony of a vocational expert. (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert James Miller

included an exertional restriction to medium level work restricted from a full range by such non-exertional limitations as (1) inability to ever climb ladders, ropes or scaffolds; and (2) a need to avoid exposure to dust, fumes, smoke, chemicals, or noxious gases. (Tr. 621-622). In response, Miller identified a significant number of jobs in the national economy which could still be performed. (Tr. 622). The ALJ then changed the exertional level to light and added a limitation concerning the need for a sit/stand option in 45-minute intervals. (Id.). The expert again cited a significant number of jobs which could still be performed. (Tr. 622-623). Therefore, assuming that the vocational factors considered by Miller fairly characterized Polson's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

      Dr. David Swan (Tr. 448-456) and Dr. James Ross (Tr. 457-465), each reviewed the record and opined that Polson would be limited to lifting a maximum of 50 pounds occasionally and 25 pounds frequently. Dr. Edward Griffin, who testified at the administrative hearing as a medical advisor, examined the medical evidence, including reports which had not been seen by the medical reviewers, and opined that the record did not indicate that the claimant's condition met or equaled a Listing. (Tr. 606). Dr. Griffin did not believe the record supported the existence of "severe" impairments with regard to the cardiac condition, chronic obstructive pulmonary disease, and carpal tunnel syndrome. (Tr. 607). The ALJ's findings

Case: 6:07-cv-00367-GWU Doc #: 12 Filed: 08/06/08 Page: 9 of 12 - Page ID#: 78

07-367  Janice Polson

were compatible with these opinions.  Dr. Swan and Dr. Ross were the only medical professionals of record to cite specific physical limitations.  These opinions provide substantial evidence to support the administrative decision.

Dr. Jose Echeverria treated Polson at Appalachian Regional Healthcare.  In January of 2007, Dr. Echeverria reported in a letter that the plaintiff was totally disabled and would continue to be for the foreseeable future.  (Tr. 545).  The physician had previously stated the claimant was totally disabled for at least six months in a March, 2006 letter.  (Tr. 498).  The ALJ noted that these disability opinions were an issue reserved to the Commissioner under the federal regulations and could not be be given controlling weight.  (Tr. 24).  The ALJ further concluded that the evidence of record contradicted these findings and rejected them.  (Id.). Instead, the ALJ chose to rely primarily upon the opinions of the medical reviewers. (Id.).

Polson argues that the ALJ erred in rejecting the opinion of Dr. Echeverria in favor of the medical reviewers, who as a treating and examining source, was entitled to superior weight under the administrative regulations.  20 C.F.R. § 416.927(d)(1) and (2).  However, the doctor never identified specific physical restrictions.  He merely stated that the claimant was totally disabled.  As found by the ALJ, the administrative regulations at 20 C.F.R. § 416.927(e)(1) specifically reserve this determination to the ALJ. The Sixth Circuit Court of Appeals has found

that such opinions are not binding on the administration.  Bass v. McMahon, 499 F.3d 506, 511 (6th Cir. 2007).  Therefore, the ALJ could properly reject this opinion in favor of that of the reviewers.

The Sixth Circuit also noted in Bass that Social Security Ruling 96-5p requires that the ALJ still provide explanations concerning the consideration given to a treating source's opinion even on an issue reserved to the Commissioner.  Bass, 499 F.3d at 511.  Polson asserts that the current ALJ did not provide sufficient reasons for rejecting Dr. Echeverria's disability opinion.  The ALJ stated that the evidence of record did not support the physician's claim that the plaintiff was totally disabled.  (Tr. 24).  This conclusion was made after a fairly lengthy discussion of the medical evidence in the record.  (Tr. 19-24).  The ALJ noted that treatment records revealed treatment for congestive heart failure in September of 2000.  (Tr. 19, 380).  Dr. Echeverria noted that heart catheterization at Central Baptist Hospital had been normal with no blockages found.  (Tr. 19, 376).  The ALJ observed that Dr. Echeverria's records reveal treatment for benign and transient conditions between September 2000 and April 2003 with frequent notations that she was "doing fine" or that her conditions were controlled.  (Tr. 19, 350-375).  The ALJ noted that the record revealed a hospitalization in April, 2003 for acute bronchitis, chronic obstructive pulmonary disease, and unstable angina.  (Tr. 19, 163-177).  Myocardial infarction was ruled out by an EKG and cardiac enzymes.  (Tr. 19, 164).

07-367  Janice Polson

A chest x-ray later that month was normal. (Tr. 182). In June of 2004, Dr. Echeverria noted that the patient had multiple contusions following a motor vehicle accident. (Tr. 19, 314). She was neurologically intact. (Tr. 314). X-rays of the cervical spine as well as a CT Scan of the head were normal. (Id.). The ALJ observed that Polson was referred for a neurological work-up following the accident by a Dr. C. Krishnaswamy due to complaints of headaches. (Tr. 19). Dr. Krishnaswamy apparently later found evidence of carpal tunnel syndrome but no restrictions relating to this condition were assessed. (Tr. 20, 421-436). A pulmonary function study in March, 2005 revealed only mild chronic obstructive pulmonary disease. (Tr. 20, 419-420). X-rays in August of 2005 revealed no bony abnormality of the right shoulder. (Tr. 20, 436). In March of 2006, Dr. Echeverria found no neurological abnormalities. (Tr. 20, 487). The ALJ noted that the medical reviewers identified rather modest restrictions. (Tr. 21). Finally, the ALJ observed that Polson's daily activities were not indicative of a totally disabled person. (Tr. 23). Therefore, the court finds that the ALJ had sufficient reasons to discount the disability opinion of Dr. Echeverria and, so, complied with the requirements of Social Security Ruling 96-5p.

      Polson also argues that the ALJ erred in omitting stamina and endurance restrictions as well as limitations in the use of her upper extremity which were established by objective medical data. However, as previously noted, the only

11

07-367   Janice Polson

physicians of record to specifically identify physical limitations were the medical reviewers and the ALJ's findings were consistent with their opinions. The claimant concedes in her brief that Dr. Echeverria never imposed specific physical limitations. Therefore, the court must reject the plaintiff's argument.

The administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 6th day of August, 2008.

Signed By:
G. Wix Unthank
United States Senior Judge